UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| YOLANDA BUXBAUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-465 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Reconsider Opinion and Order (DE 53) [DE 55] filed by the plaintiff, Yolanda Buxbaum, on July 6, 2020.  For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Yolanda Buxbaum, initiated this matter against the defendant, Andrew M. Saul, the Acting Commissioner of Social Security, on November 2, 2016, alleging employment discrimination and retaliation.  On May 28, 2020, the defendant moved for a protective order prohibiting certain depositions and written discovery.  The court granted the defendant's motion and limited discovery to the Rule 30(b)(6) deposition of the defendant.  The Rule 30(b)(6) deposition was held on June 25, 2020.

The plaintiff has filed the instant motion requesting the court to reconsider its order from June 29, 2020, granting the defendant's motion for protective order and to permit her to conduct discovery.  The plaintiff contends that the court's order was based on a waived argument and therefore should be vacated.  The defendant filed a response in opposition on July 20, 2020, and the plaintiff filed a reply on July 27, 2020.

*Discussion*

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* **Talano v. Northwestern Med. Faculty Found., Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001).  This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* **Seng-Tiong Ho v. Taflove**, 648 F.3d 489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing **Obriecht v. Raemisch**, 517 F.3d 489, 494 (7th Cir. 2008)); **United States v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it.").  In **Frietsch v. Refco, Inc.**, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.  Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see* **Oto v. Metro. Life Ins. Co.**, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); **Divane v. Krull Electric Co.**, 194 F.3d 845, 850 (7th Cir. 1999).  Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." **Global View Ltd. Venture Capital v.**

*Great Central Basin Exploration*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

The plaintiff has argued that the court should reconsider its order because the defendant waived his argument that the additional discovery was an "undue burden" by not presenting it in the opening brief of the motion for protective order.  Thus, the plaintiff asserts that the court's protective order is not supported by "particular and specific" facts showing an undue burden.  However, although the defendant may not have explicitly argued in his opening brief that the additional discovery would cause an "undue burden" to him, he did assert that some of the discovery sought was obtainable through other sources and that the requests for 6 depositions, 15 interrogatories, and 6 requests for admissions far exceeded what was anticipated when he agreed to an extension of the discovery deadline on March 24, 2020.

In granting the motion for protective order, the court not only found that the plaintiff's additional discovery requests posed an undue burden on the defendant, but also that it was unclear why the plaintiff had waited until the eve of the discovery deadline to request the additional discovery.  Additionally, the court found that at the time the parties filed the joint motion requesting an extension of the discovery deadline on March 24, 2020, the only contemplated deposition was the plaintiff's request for a Rule 30(b)(6) deposition.  It was not until May 26, 2020 that the plaintiff made deposition requests and propounded additional written discovery.  Thus, the court did not grant the defendant's motion for a protective order solely based on what the plaintiff contends was a waived argument.

The Seventh Circuit has stated that "[d]istrict courts have broad discretion in matters relating to discovery." **Patterson v. Avery Dennison Corp.**, 281 F.3d 676, 681 (7th Cir. 2002) (citations omitted); *see* **Hunt v. DaVita, Inc.**, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that

3

the district court has broad discretion in supervising discovery). Additionally, **Federal Rule of Civil Procedure 26(b)(2)(C)** grants discretion to the court to limit discovery in the event that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

This matter had been pending for over three years before the plaintiff served the defendant with notices of 6 depositions, 15 interrogatories, and 6 requests for admissions approximately one month prior to the close of discovery. The court on November 11, 2019 indicated that no further discovery extensions would be granted. However, on March 26, 2020, the court granted an extension of the discovery deadline because of the unexpected disruptions caused by the COVID-19 pandemic. The only deposition mentioned in the joint motion was the Rule 30(b)(6) deposition that previously was scheduled but had been postponed. Thus, it was well within the court's discretion to prohibit the plaintiff from seeking extensive discovery this late in the proceedings.

Motions to reconsider serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). The plaintiff has not demonstrated a manifest error of law or newly discovered evidence that allows the court to reconsider its decision.

Based on the foregoing reasons, the Motion to Reconsider Opinion and Order (DE 53) [DE 55] is **DENIED.**

ENTERED this 7th day of August, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge

4